IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILLIP EVANS, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Lowe's Companies, Inc. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully shows:

## I.     Commencement and Service

1.     On January 7, 2022, Philip Evans ("Plaintiff") commenced this action by filing an Original Petition ("State Court Petition") in the 21st Judicial District Court of Washington County, Texas. The case is styled Cause No. 37740, *Philip Evans v. Lowe's Companies, Inc.*[1] Plaintiff seeks monetary relief over $1,000,000.

2.     The lawsuit was first served on Defendant on January 13, 2022.[2]

3.     Defendant timely answered in state court on February 4, 2022.[3]

4.     This Notice of Removal is filed within thirty days of the receipt of service of process and is therefore timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1]     *See **Exhibit C**,* Plaintiff's Original Petition.
[2]     *See **Exhibit E**,* Return of Service and Affidavit.
[3]     *See **Exhibit F**,* Defendant's Original Answer and Affirmative Defenses.

## Grounds for Removal

5.      Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## Diversity of Citizenship

6.      There is complete diversity of citizenship between Plaintiff and Defendant.

7.      Plaintiff is a citizen of Texas.[4]

8.      It is undisputed that Defendant Lowe's Companies, Inc. is a foreign corporation.[5] Lowe's Companies, Inc. was incorporated in North Carolina and maintains its principal place of business in North Carolina.[6] For purposes of determining diversity of citizenship, a corporation is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...[7] Accordingly, there is diversity between Plaintiff, a citizen of Texas, and Defendant, a citizen of North Carolina.

---

[4]      *See* **Exhibit C** ¶ 5.
[5]      ***Id.*** at ¶ 6.
[6]      ***Id.*;** *see also* **Exhibit G.**
[7]      28 U.S.C. § 1332

## **Amount in Controversy**

9.      This is a personal injury case with over $75,000 in controversy at the time of this removal. Per Plaintiff's Original Petition, Plaintiff seeks monetary relief in an amount that exceeds $1,000,000.[8]

## **Venue**

10.      Venue lies in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in this judicial district and division.

## **Notice**

11.      Defendant will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## **Exhibits to Notice of Removal**

12.      In support of this Notice of Removal and pursuant to 28 U.S.C. §1446(a), true and correct copies of the following documents are attached to this Notice as corresponding lettered exhibits:

A.   ***Exhibit A*** - Index of documents filed in Cause No. 37740; *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

B.   ***Exhibit B*** - Docket Sheet for *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

---

[8]      *See* **Exhibit C** ¶ 1.

C. **Exhibit C** – Plaintiff's Original Petition filed on January 7, 2022, *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

D. **Exhibit D** - Citation issued on January 10th, 2022; *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

E. **Exhibit E** - Affidavit of Service completed on January 13, 2021, with affidavit and filed January 14, 2022 *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

F. **Exhibit F** - Defendant's Original Answer and Affirmative Defenses filed on February 4, 2022, *Philip Evans v. Lowe's Companies, Inc.* in the 21st Judicial District, Washington County, Texas;

G. **Exhibit G** - Certificate of Interested Parties;

H. **Exhibit H** - Notice of Filing Removal in State Court;

## Prayer

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §1446, removes this action from the 21st Judicial District, Washington County, Texas, to this Court.

Respectfully submitted,

By:  **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*
*LOWE'S COMPANIES, INC.*



## **CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 11th day of February 2022.

Brian A. Fitts
State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM. PLLC
4801 Richmond Avenue
Houston, Texas 77027
713.871.1670
713.583.1492 (fax)

*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT "A"

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PHILLIP EVANS, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| LOWE'S COMPANIES, INC., | § | |
| *Defendant*. | § | |

**EXHIBIT A - INDEX OF DOCUMENTS FILED**

| TAB | DATE | DOCUMENT |
|---|---|---|
| B | 02/08/2022 | State Court Docket Sheet |
| C | 01/07/2022 | Plaintiff's Original Petition |
| D | 01/10/2022 | Citation |
| E | 01/13/2022 | Affidavit of Service (filed with Court on 01/14/2022) |
| F | 02/04/2022 | Defendant's Original Answer and Affirmative Defenses |
| G | 02/11/2022 | Certificate of Interested Parties |
| H | 02/11/2022 | Notice to State Court of Removal |

*(Signatures on Next page)*

Respectfully submitted,

By:   **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*
*LOWE'S COMPANIES, INC.*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 11th day of February 2022.

Brian A. Fitts
State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM. PLLC
4801 Richmond Avenue
Houston, Texas 77027
713.871.1670
713.583.1492 (fax)

*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT "B"

# EXHIBIT "B"

## Case Information

# Phillip Evans vs. Lowe's Companies, Inc.

37740

Location
Washington County - District Clerk

Case Category
Civil - Injury or Damage

Case Type
Other Injury or Damage

Case Filed Date
1/7/2022

## Parties 2

| Type | Name | Attorneys |
|------|------|-----------|
| Plaintiff | Phillip Evans | Bryant Allen Fitts |
| Defendant | Lowe's Companies, Inc. | |

## Events 5

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 1/7/2022 | Filing | Petition | Plaintiffs' Original Petition | 2022-01-06 - Plaintiff's Petition - RMD.pdf |
| 1/7/2022 | Filing | Petition | Citation Request Letter | 2022-01-06 - Citation Request Letter.pdf |
| 1/7/2022 | Filing | Petition | | 2022-01-06 - Civil Case Information Sheet.pdf |
| 1/14/2022 | Filing | No Fee Documents | Citation proof of service - Lowe's Companies, Inc. | Citation proof of service - Lowe's Companies Inc..pdf |
| 2/4/2022 | Filing | Answer/Response | Defendant's Original Answer an Affirmative Defenses | 2022.02.04 - Defendant's Original Answer and Affirmative Defenses (Evans v. Lowe's) FINAL.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.1.0.3329



# EXHIBIT "C"

# EXHIBIT "C"

CAUSE NO. 37740

| | | |
|---|---|---|
| **PHILLIP EVANS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **WASHINGTON COUNTY, TEXAS** |
| | § | |
| | § | |
| **LOWE'S COMPANIES, INC.,** | § | |
| | § | |
| *Defendant.* | § | 21st **JUDICIAL DISTRICT** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Phillip Evans, (hereinafter referred to as "Plaintiff"), who files this Original Petition against Defendant, Lowe's Companies, Inc., and respectfully alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $1,000,000.00.

## JURISDICTION

2. Venue is proper in Washington County, Texas, pursuant to § 15.002 of the Texas Civil Practice and Remedies Code as the facts constituting the causes of action herein occurred in whole or in part in Washington County, Texas.

3. This Court maintains jurisdiction over the subject matter because the damages are within the jurisdictional limits of this court.

Filed 1/7/2022 8:51 AM
Tammy Brauner, District Clerk
Washington County, TX
By: Marissa Daniels, Deputy

1

Copy from re:SearchTX

## CLAIM FOR RELIEF

4.      Pursuant to Texas Rule of Civil Procedure 47(b)(1), Plaintiff seeks monetary damages over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.   Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

## PARTIES

5.      Plaintiff, Phillip Evans (hereinafter referred to as "Plaintiff"), is an individual who resides in Washington County, Texas.

6.      Defendant, Lowe's Companies, Inc., (hereinafter referred to as "Defendant"), is a foreign for-profit corporation with its principal place of business in Wilkesboro, North Carolina. Defendant may be served through its registered agent for service of process: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## FACTS

7.      This lawsuit is necessary as a result of personal injuries Plaintiff received on or about January 8, 2020.

8.      On or about January 8, 2020, Plaintiff was fulfilling his duties within the scope of his employment with Defendant and was tasked with climbing a ladder to reach an item and while descending the ladder, the ladder began to wiggle causing Plaintiff to step off the ladder crooked and ultimately fracture his ankle.

9.      A few days later, Plaintiff visited a physician at Baylor Scott and White who placed him on several work-related activity restrictions, including but not limited to, restrictions on kneeling/squatting, bending/stooping, and climbing stairs/ladders.   Additionally, Plaintiff was

2

Copy from re:SearchTX

required to wear a splint/cast at work, use crutches at all times, and was not allowed to drive/operate heavy equipment.

10.     Despite these restrictions, Defendant failed to acknowledge Plaintiff's injuries, failed to send Plaintiff for immediate medical attention as per its employment manual, and continued to mandate Plaintiff work at full duty despite his work related injuries or risk losing his job.

11.     The aforementioned incident caused severe injuries to Plaintiff that required extensive and extremely painful surgical treatments and physical therapy for his injuries.

12.     Defendant does not subscribe to Texas Workers' Compensation Insurance that, as a result, has left Plaintiff with unpaid medical bills which have severely harmed Plaintiff's creditworthiness.

13.     Further, Defendant's actions have had a tremendous negative effect on future employment opportunities for Plaintiff, as well as, causing future personal relationships to be non-existent due to the catastrophic injuries he sustained as a result of this incident.

14.     Defendant is liable unto Plaintiff jointly and severally, in the full sum and amount of damages proven reasonable at trial on the merits of this matter, until paid and for all cost of these proceedings

## CAUSE OF ACTION NO. 1: NEGLIGENCE

15.     Upon information and belief and at all times relevant herein, the aforementioned incident was proximately caused totally, solely and/or concurrently through the negligence and/or fault of Defendants and/or their employee, agent and/or servant in the following non-exclusive particulars, to-wit:

   a.     Failure to comply with applicable safety regulations, standards, customs, and practices;

Copy from re:SearchTX

    b.      Failure to properly supervise its employees;

    c.      Failure to properly train its employees;

    d.      Failure to provide adequate safety equipment;

    e.      Failure to provide adequate medical treatment;

    f.      Vicarious liability for its agents or employees' negligence;

    g.      Failing to provide the proper equipment for safe operations;

    h.      Failure to maintain a workplace free from unnecessary hazards; and

    i.      Other acts deemed negligent.

16.    Defendant's acts and omissions also constitute negligence *per se* as that term is defined under Texas law.  An employer has an absolute, continuous, and non-delegable duty to:

    a.      Furnish a reasonably safe place to work;

    b.      Warn employees of hazards of their employment that are not commonly known or already appreciated;

    c.      Supervise employees' activities;

    d.      Hire competent agents, managers and co-employees;

    e.      Furnish reasonably safe instrumentalities with which to work;

    f.      Provide safety regulations; and

    g.      Train employees in the safe use and handling of products and equipment used in and around and employer's premises or facilities.

17.    Defendant's violations were the proximate cause of Plaintiff's injuries and damages.

18.    As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

Copy from re:SearchTX

## DAMAGES AND RELIEF SOUGHT

19.     By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

      a.      Past and future medical expenses;

      b.      Past and future pain, suffering and mental anguish;

      c.      Past and future physical impairment;

      d.      Past and future physical disfigurement;

      e.      Past lost wages and future loss of earning capacity;

      f.      Loss of enjoyment of life in the past resulting in the inability to participate in previously enjoyed activated in the past and in all probability in the future;

      g.      Prejudgment interest as deemed proper;

      h.      For all costs of suit incurred herein; and

      i.      For such other and further relied as the Court deems just.

20.     By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as, court costs, pre and post-judgment interest.

## EXEMPLARY DAMAGES

21.     The aforesaid actions of Defendant was in such reckless and heedless disregard for the rights, health and welfare of Plaintiff as to constitute gross negligence as defined and understood in law, therefore entitling Plaintiff to exemplary damages.

## JURY DEMAND

22.     Plaintiff hereby demands a trial by jury.

Copy from re:SearchTX

**RULE 193.7 NOTICE**

23.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

**PRAYER**

24.     Plaintiff prays that citation be issued and served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

_____

Bryant A. Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
Texas State Bar No. 24118263
Louisiana State Bar No. 32195
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

6

# EXHIBIT "D"

# EXHIBIT "F"

| CLERK OF THE COURT | | ATTORNEY FOR PLAINTIFF |
|---|---|---|
| TAMMY BRAUNER | | BRYANT A. FITTS |
| 100 E. MAIN, SUITE 304 | | 4801 RICHMOND AVENUE |
| BRENHAM, TEXAS 77833 | | HOUSTON , TEXAS 77027 |



DELIVERED
__l__ / _13_ / _2022_
BY: _DRGS_ PSC: _7114_
ATX Process, LLC

## CITATION

**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**LOWE'S COMPANIES, INC., THROUGH ITS REGISERED AGENT FOR SERVICE OF PROCESS: CORPORTION SERVICE COMPANY D/B/A CSC- LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218**

Defendant: Greetings

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next following the expiration of twenty(20) days after the date of service of this citation before the Honorable 21st Judicial District Court of Washington County, Texas at the Courthouse of said County in Brenham, Texas. Said Petition was filed on the 7th day of January, 2022, in this case, numbered 37740 on the docket of said court, and styled,

**PHILLIP EVANS, Plaintiff**
**VS**
**LOWE'S COMPANIES, INC., Defendant**

The nature of Plaintiff's demand is set out and shown by a true and correct copy of PLAINTIFFS ORIGINAL PETITION, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of the law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office this the 10th day of January, 2022.

TAMMY BRAUNER
District Clerk
Washington County, Texas

By _____

HEATHER MARX, Deputy

## RETURN OF SERVICE

Cause No. <u>37740</u>
Court _____
Style of Case _____

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer
_____County, Texas
By:_____Deputy

<u>ADDRESS FOR SERVICE:</u> _____

### OFFICER'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock____ M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

**Name**          **Date/Time**          **Place, Course and Distance from Courthouse**

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEE:
Serving Petition and Copy   $_____
Total                                  $_____

_____,Officer
_____County, Texas
By_____Deputy
_____Affiant

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT</u>
In accordance with Rule 107: The office or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____
        (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

# EXHIBIT "E"

# EXHIBIT "E"

CAUSE NO. 37740

| | | |
|---|---|---|
| PHILLIP EVANS | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | WASHINGTON COUNTY, TEXAS |
| | § | |
| LOWE'S COMPANIES, INC. | § | |
| Defendant. | § | 21ST JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared DANE RAY CUPPETT who, being by me duly sworn, deposed and said:

"The following came to hand on Jan 13, 2022, 9:28 am,

CITATION AND PLAINTIFF'S ORIGINAL PETITION,

and was executed at 211 E 7TH ST., SUITE 620, AUSTIN, TX 78701 within the county of TRAVIS at 3:13 PM on Thu, Jan 13 2022, by delivering a true copy to the within named

LOWE'S COMPANIES, INC., BY DELIVERING TO ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, WHERE THE DOCUMENT WAS ACCEPTED BY EVIE LICHTENWALTER, DESIGNATED AGENT

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

DANE RAY CUPPETT
Certification Number: PSC-7114
Certification Expiration: 10/31/2021

BEFORE ME, a Notary Public, on this day personally appeared DANE RAY CUPPETT, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  01/14/2022

Notary Public, State of Texas

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

Copy from re:SearchTX



**CLERK OF THE COURT**
**TAMMY BRAUNER**
**100 E. MAIN, SUITE 304**
**BRENHAM, TEXAS 77833**

**ATTORNEY FOR PLAINTIFF**
**BRYANT A. FITTS**
**4801 RICHMOND AVENUE**
**HOUSTON , TEXAS 77027**

RETURN TO
DISTRICT CLERK

## CITATION

**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**LOWE'S COMPANIES, INC., THROUGH ITS REGISERED AGENT FOR SERVICE OF PROCESS: CORPORTION SERVICE COMPANY D/B/A CSC- LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218**

Defendant: Greetings

   You are hereby commanded to appear by filing a written answer to the  PLAINTIFFS ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next following the expiration of twenty(20) days after the date of service of this citation before the Honorable 21st Judicial District Court of Washington County, Texas at the Courthouse of said County in Brenham, Texas.  Said Petition was filed on the 7th day of January, 2022, in this case, numbered **37740** on the docket of said court, and styled,

**PHILLIP  EVANS, Plaintiff**
**VS**
**LOWE'S COMPANIES, INC., Defendant**

   The nature of Plaintiff's demand is set out and shown by a true and correct copy of  PLAINTIFFS ORIGINAL PETITION, accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according to requirements of the law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office this the 10th day of January, 2022.

TAMMY BRAUNER
District Clerk
Washington County, Texas

By _____
HEATHER MARX, Deputy

Copy from re:SearchTX

# EXHIBIT "F"

# EXHIBIT "F"

CAUSE NO. 37740

| | | |
|---|---|---|
| PHILLIP EVANS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | WASHINGTON COUNTY, TEXAS |
| | § | |
| LOWE'S COMPANIES, INC., | § | 21ST JUDICIAL DISTRICT |
| *Defendant*. | § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

### I.      GENERAL DENIAL

1.      Without waiving any other defenses that Defendant Lowe's Companies, Inc. ("Defendant") may have or hereafter come to have or urge, Defendant generally denies each and every material allegation in Plaintiff's Original Petition (and all subsequent amended and supplemental Petitions filed herein) pursuant to Rule 92 of the Texas Rules of Civil Procedure and demands strict proof thereof by a preponderance of the evidence or by clear and convincing evidence as the law requires.

### II.      CLAIMS SUBJECT TO ARBITRATION AGREEMENT

2.      In filing Defendant's Original Answer and Affirmative Defenses, Defendant does not waive its contractual right to arbitration. The claims asserted in Plaintiff's Original Petition are subject to a binding arbitration agreement.

### III.      VERIFIED DENIAL

3.      Defendant Lowe's Companies, Inc. is not a proper party. Defendant did not own or operate the business where Plaintiff claims he was injured. Defendant did

not employee Plaintiff at any relevant time. Defendant owed no duty to Plaintiff and has no colorable liability on any theory.

## IV.   AFFIRMATIVE DEFENSES

Without conceding that the following are affirmative defenses for which Defendant bears the burden of proof, Defendant asserts that:

4.     Defendant is not a proper party. Defendant did not employ Plaintiff on the date of his alleged injury and has no potential liability for the alleged incident. Lowe's Home Centers, LLC is the only proper party in this case. Lowe's Home Centers, LLC operated the store at which Plaintiff's alleged incident occurred and employed Plaintiff on the date of the alleged incident.

5.     To the extent Plaintiff seeks punitive or exemplary damages, Defendant relies upon the limitations and other provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

6.     Any award of pre-judgment interest for damages that have not yet accrued would violate Defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 14, 16, and 19 of the Texas Constitution.

7.     Defendant pleads further that any recovery of medical expenses or health care expenses allegedly incurred by Plaintiff, is limited to the amount actually paid or incurred by or on behalf of Plaintiff, if any, pursuant to Tex. Civ. Prac. & Rem. Code §41.0105. Defendant respectfully requests Plaintiff's award, if any, be computed in accordance with the language of Section 41.0105 of the Texas Civil Practice and

Remedies Code. Defendant also requests Plaintiff prove (1) that reasonable and necessary medical or healthcare expenses do exist, (2) what part of the medical or healthcare expenses have actually been paid or for which Plaintiff remains liable; and (3) the medical or healthcare expenses claimed resulted from conduct of Defendant.

**V.   OBJECTION AND/OR RESERVATION TO OBJECT TO PROPER NOTICE PURSUANT TO TEX. R. CIV. P. 193.7**

8.     To the extent Plaintiff purports to invoke Texas Rule of Civil Procedure 193.7 or any similar rule, Defendant objects to its timeliness as discovery has not yet been exchanged and Plaintiff cannot, in good faith, provide proper notice that Plaintiff will use documents produced by Defendant against it. Defendant further disputes that its deadline to object, pursuant to Texas Rule of Civil Procedure 193.7 or any similar rule, to the authenticity of a document Defendant may produce in the future is triggered by any notice contained in Plaintiff's petition. Defendant does not waive, and reserves the right, to object to documents later identified with specificity by Plaintiff in any future notice pursuant to Texas Rule of Civil Procedure 193.7 or any similar rule.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays Plaintiff take nothing by his suit, that Defendant be dismissed from this action, awarded court costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

By:   **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 4th day of February 2022.

Brian A. Fitts
State Bar No. 24040904
<u>bfitts@fittslawfirm.com</u>
Rachel Martin-Deckelmann
<u>rdeckelmann@fittslawfirm.com</u>
FITTS LAW FIRM. PLLC
4801 Richmond Avenue
Houston, Texas 77027
713.871.1670
713.583.1492 (fax)

*ATTORNEYS FOR PLAINTIFF*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Grigg on behalf of Karl Seelbach
Bar No. 24044607
chris@doyleseelbach.com
Envelope ID: 61466198
Status as of 2/4/2022 3:41 PM CST

Associated Case Party: Lowe's Companies, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Grigg | | chris@doyleseelbach.com | 2/4/2022 3:33:53 PM | SENT |
| Karl Seelbach | | karl@doyleseelbach.com | 2/4/2022 3:33:53 PM | SENT |
| Eduardo Ortiz | | eduardo@doyleseelbach.com | 2/4/2022 3:33:53 PM | SENT |

# EXHIBIT "G"

# EXHIBIT "G"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

PHILLIP EVANS,                          §
     *Plaintiff,*                        §
                                         §
VS.                                     §   CIVIL ACTION NO.
                                         §
LOWE'S COMPANIES, INC.,                  §
     *Defendant.*                        §

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fed. R. Civ. P. 7.1, Defendant Lowe's Companies, Inc. provides the following information:

1.      For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"): **Lowe's Companies, Inc. does not have a parent corporation. No publicly held corporation owns 10% or more of its stock.**

2.      A complete list of all persons, associates of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

       A.    Lowe's Companies, Inc.
             c/o Karl Seelbach
             Eduardo (Wayo) Ortiz
             Doyle & Seelbach PLLC
             7700 W. 71 Highway, Suite 250
             Austin, Texas 78735
             512.960.4890

B.      Lowes Home Centers, LLC
        c/o Karl Seelbach
        Eduardo (Wayo) Ortiz
        Doyle & Seelbach PLLC
        7700 W. 71 Highway, Suite 250
        Austin, Texas 78735
        512.960.4890

C.      Sedgwick Claims Management
        c/o Karl Seelbach
        Eduardo (Wayo) Ortiz
        Doyle & Seelbach PLLC
        7700 W. 71 Highway, Suite 250
        Austin, Texas 78735
        512.960.4890

D.      Phillip Evans
        c/o Bryant A. Fitts
        Rachel Martin-Deckelmann
        Fitts Law Firm, PLLC
        4801 Richmond Ave,
        Houston, Texas 77027

Respectfully submitted,

By: ___ **/s/ Karl Seelbach** _____
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 11th day of February 2022.

Brian A. Fitts
State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM. PLLC
4801 Richmond Avenue
Houston, Texas 77027
713.871.1670
713.583.1492 (fax)

*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT "H"

# EXHIBIT "H"

CAUSE NO. 37740

| | | |
|---|---|---|
| PHILLIP EVANS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | WASHINGTON COUNTY, TEXAS |
| | § | |
| LOWE'S COMPANIES, INC., | § | 21ST JUDICIAL DISTRICT |
| *Defendant*. | § | |

## <u>DEFENDANT'S NOTICE TO THE COURT OF REMOVAL</u>

Please take notice that on February 11, 2022, Defendant Lowe's Companies, Inc. removed this action to the United States District Court for the Western District of Texas, Austin Division. Pursuant to 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further, unless and until such time as the action may be remanded by order of the United States District Court.  A copy of the Notice of Removal is attached as **Exhibit 1**.

Respectfully submitted,

By: **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 11th day of February 2022.

Brian A. Fitts
State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM. PLLC
4801 Richmond Avenue
Houston, Texas 77027
713.871.1670
713.583.1492 (fax)

*ATTORNEYS FOR PLAINTIFF*